THOMAS J. WESSEL AND JANE H. WESSEL, ET AL., PETITIONERS [1]
v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2778-75—2786-75.     Filed November 10, 1975.

*Irvin J. Slotchiver* and *Gedney M. Howe, Jr.,* for petitioners.
*Howard J. Kalson,* for the respondent.

### OPINION

DAWSON, *Chief Judge:* The motions to dismiss these consolidated cases were assigned to and heard by Commissioner Randolph F. Caldwell, Jr. The Court agrees with and adopts his opinion which is set forth below.[2]

### OPINION OF THE COMMISSIONER

CALDWELL, *Commissioner:* This case is presently before the Court on petitioners' motions to dismiss and for summary judgment filed with the Court on March 26, 1975. Oral arguments on petitioners' motions were heard on May 28, 1975. Memoranda of law were thereafter filed by the parties. Since these cases are not at issue under Rule 38, Tax Court Rules of Practice and Procedure, petitioners' motions are in effect motions to dismiss on the ground that the notices of deficiency upon which theses cases are based are invalid. They will be so treated.

---

[1] The cases of the following petitioners are consolidated herewith for purposes of this opinion: Hay Oil Company, Inc., docket No. 2779-75; Hay Oil Distributors, Inc., docket No. 2780-75; Frank S. Hay and Jane C. Hay, docket No. 2781-75; Tire Distributors, Inc., docket No. 2782-75; Lewis S. Hay and Carol J. Hay, docket No. 2783-75; Qualeco, Inc., docket No. 2784-75; Hooper Alexander III and Emmie H. Alexander, docket No. 2785-75; Frank S. Hay, Jr., and Ruth L. Hay, docket No. 2786-75.

[2] Since these are pretrial motions directed to the Court's jurisdiction, the Court has concluded that the posttrial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties have been afforded full opportunity to present their views.

After concluding that petitioners would not consent to an extension of the assessment period, respondent on December 31, 1974, issued and mailed notices of deficiency to petitioners. The notices were issued by the Office of the District Director of Internal Revenue, Columbia, S. C. William W. Wharton, Jr., was on December 31, 1974, the Chief of the Review Staff of the Audit Division for the Columbia District. Wharton was absent from the office on annual leave beginning at 12:45 p.m. on Tuesday, December 31, 1974. The notices of deficiency were signed in his absence by Fred E. Wood, a senior reviewer on the Review Staff of the Audit Division. The notices were all issued on preprinted Internal Revenue Service L-21 forms with the words "Chief, Review Staff" type-printed below the space allotted for signature. The word "Acting" was affixed in handwriting thereto so that under the signature of Fred E. Wood, are the words "Acting Chief, Review Staff."

Prior to his departure that Tuesday, Wharton orally instructed Wood that it would be Wood's responsibility to sign the above-mentioned notices of deficiency and to see that they were mailed by certified mail before the expiration of the business day.

Simply stated, it is petitioners' position that neither Wharton nor Wood had the requisite authority to issue the notices of deficiency, thereby rendering the notices invalid. It is respondent's position that those individuals did have such authority and that the notices are valid. Both parties have made lengthy argument based upon extensive written memoranda and orders internal to respondent. We have considered them all.

It is the thrust of petitioners' position, in reliance upon *United States v. Heffner,* 420 F. 2d 809 (4th Cir. 1969), that any agency of the Government—the Internal Revenue Service included—must scrupulously observe its own internal rules and procedures and that respondent simply has not done so in this instance. Petitioners argue that Wharton as Chief, Review Staff, is directly involved in the examination of returns and, as such, cannot validly be delegated the authority to issue notices of deficiency under respondent's own criteria.[3] Furthermore,

---

[3] Part I, sec. 1224(2), Internal Revenue Manual, provides in material part:

(2) Delegation Orders should be issued without restrictions on redelegation only when the authority being delegated may properly be exercised at any organizational level within the Service. In all other instances, the Delegation Order should establish either the lowest practicable level for exercise of the authority, the lowest practicable level for redelegation of the authority, or restrict authority to redelegate to key officials so as to avoid inappro-

assuming Wharton could be delegated the authority to issue the notices, petitioners argue that he could not validly "delegate" it to a senior reviewer on his staff. Petitioners also appear to attack the sufficiency of Wood's signature on the ground that he had no written authorization to sign'.

Respondent counters that the "delegation" of authority to Wharton to issue the notices of deficiency and the oral "designation" of Wood to act in his stead in his absence were appropriate within the scope of the Internal Revenue Manual.

First, as to the propriety of the delegation to Wharton, we are not persuaded that he was one of those "employees who directly conduct or participate in the examination of returns." As we see it, section 1224(2) of Part I of the Internal Revenue Manual, quoted in part in footnote 2, requires that the ultimate decision for issuance of a notice of deficiency be not placed within the province of the examining revenue agent, but rather with some person further up in the line of authority whose judgment is calculated to be more detached and responsible. We do not see that purpose frustrated by the Columbia District Director's delegating the authority to issue notices of deficiency to his Chief, Review Staff (and that was Wharton on December 31, 1974), which he had done in his Delegation Order No. 60 (Rev. 5) on August 1, 1972. The Review Staff is organizationally independent of the Field Audit branch and the Office Audit branch in the Audit Division of the District Director's office. The ultimate decisions with respect to any irreconcilable differences of opinion between the chiefs of the audit branches and the Chief, Review Staff, lay with the Chief, Audit Division, and not with the Chief, Review Staff. It is the function of the Review Staff, as its name connotes, to review from a technical, managerial, procedural, and policy standpoint, the work of the examining revenue agent. (See Part I, sec. 1118.42, Internal Revenue Manual.) Of course Wharton was not totally isolated from the examination of tax returns. Neither, for that matter, was the District Director himself. However, we do not find that

priate redelegation by delegates of such key officials. *For example, it would be inappropriate to redelegate authority to issue statutory notices of deficiency to employees who directly conduct or participate in the examination of returns.* Accordingly, authority may be delegated to Service officials without authority to redelegate; .or authority may be delegated to Service officials with authority to redelegate not lower than to a specified position. * * * [Emphasis supplied.]

degree of personal involvement on Wharton's part sufficient to conclude that he, as Chief, Review Staff, was directly involved in the examination of tax returns. We hold that the delegation to him was proper.

Next, we consider the propriety of Wood's actions, and that turns upon whether those actions were performed as Wharton's "designate" or as Wharton's "delegate." If they were as the latter, they would have been invalid, since the Chief, Review Staff, could not redelegate the authority which he had received under the District Director's Delegation Order No. 60 (Rev. 5). However, we are convinced that Wood's actions were performed as Wharton's "designate" and hence were proper and authorized.

Part of Wood's job description, as senior reviewer, states that he acts as Chief of Review, "as designated." If Wood acted in the capacity of Chief, Review Staff, on the afternoon of December 31, 1974, he assumed the full authority vested in, or delegated to, that position—including, of course, the authority to issue the notices of deficiency here involved. Wharton was absent on annual leave on that afternoon, and was therefore unavailable. Before his departure, he instructed Wood to supervise the issuance of the notices of deficiency to the petitioners. Wood did so, and signed each of those notices personally over the words "Acting Chief, Review Staff." Under the circumstances, we find that Wood filled Wharton's shoes and acted as Wharton's designate in the capacity of Chief, Review Staff, in issuing the notices. Nor do we find his authority flawed by the fact that the designation was oral, rather than written. If written designation was necessary for Wood to act in Wharton's absence, we find sufficient written designation to be contained in Wood's job description. In any event, we are not prepared to exact the burdensome formalistic detail of requiring a written designation to acting supervisory personnel each time the incumbent of the position temporarily absents himself.

Petitioners make much of the statement in paragraph 13 of Wharton's affidavit, filed at the hearing on May 28:

13. The signing of the notices of deficiency by Fred E. Wood, Acting Chief, Review Staff was fully within the authority *delegated* to him as Acting Chief, Review Staff. [Emphasis supplied.]

Petitioners assert, correctly, that Wharton could not "delegate" to Wood the authority to issue the notice of deficiency. However,

considering other portions of that affidavit, particularly paragraphs 5, 8, and 10, we are convinced that Wharton's use of the verb "delegated" in paragraph 13 was incorrect and did not accord with what actually happened.

The foregoing serves, we think, to dispose of petitioners' motions, but we believe it might be well to append a few words in support of yet another ground. The notices to petitioners were in the usual form when issued. They were mailed to petitioners and received and acted upon by them as determinations of deficiencies in income tax by the Commissioner of Internal Revenue. Petitioners timely filed petitions with this Court, indicating that they were aware that respondent had determined the deficiencies which are the subject matter of these lawsuits. In these circumstances, we think that what we said in *Ben Perlmutter,* 44 T.C. 382, 400 (1965), bears repeating:

> It is axiomatic that the intent and purpose of the statutory requirement for the issuance of deficiency notices is to inform the taxpayer that the Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised. Here the taxpayers knew, and indeed admitted, that the respondent meant to assess deficiencies in income taxes against them; they received the notices issued in respondent's name and promptly invoked our jurisdiction to redetermine the deficiencies in question. To paraphrase the language of Judge Learned Hand in *Olsen v. Helvering,* 88 F. 2d 650, 651 (C.A. 2, 1937), affirming a Memorandum Opinion of this Court, their petitions here made it perfectly plain that they were not misled and enjoyed every privilege which a notice formally correct and issued * * * would have given them. This being true, we are unwilling to construe even a tax statute in the archaic spirit necessary to defeat these levies; the notices are only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough.

Cf. *Michael Pendola,* 50 T.C. 509, 513 (1968). Indeed, the case of *Commissioner v. Oswego Falls Corp.,* 71 F. 2d 673, 677 (2d Cir. 1934), affg. 26 B.T.A. 60 (1932), is authority for the proposition that a notice of deficiency need not be signed at all. The fact that those here involved were signed by Wood would not serve to invalidate them.

In sum, we hold that the notices were valid and accordingly that this Court has jurisdiction. Petitioners' motions will be denied.

*An appropriate order will be entered.*