MICHAEL J. RAVIN AND BARBARA S. RAVIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ravin v. Commissioner
Docket No. 13072-80.
United States Tax Court
T.C. Memo 1981-107; 1981 Tax Ct. Memo LEXIS 633; 41 T.C.M. (CCH) 1064; T.C.M. (RIA) 81107; March 9, 1981. Ronald K. Van Wert, for the petitioners. Michael *634 Cohen and H. Lloyd Nearing, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case is presently before the Court on petitioners' motion to dismiss for lack of jurisdiction. The two grounds asserted in support of their motion are (1) that consents signed by the petitioners extending the statutory period for assessment with respect to the calendar year 1975 were invalid and the statute of limitations thus barred the issuance of an alleged defective notice of deficiency, and (2) that the notice of deficiency was invalid because it was issued by a person who lacked proper delegated authority. Respondent objected to the motion and a hearing thereon was held in Los Angeles, California. Subsequently the parties filed memorandum briefs. In his notice of deficiency dated April 14, 1980, respondent determined a deficiency of $ 7,043 in petitioners' Federal income tax for the year 1975. Respondent disallowed a loss of $ 9,250 claimed with respect to a partnership known as Mopic Film Company. At issue are (1) whether the consents were valid and (2) whether the deficiency notice was issued by a person with the authority to do *635 so. FINDINGS OF FACT Some of the facts are stipulated and are so found. Michael and Barbara Ravin (petitioners), who are legal residents of Los Angeles County, California, filed their Federal income tax return for 1975 on or about October 13, 1976. They signed on October 17, 1978 and October 19, 1978, respectively, a Form 872 (Consent Fixing Period of Limitation Upon Assessment of Tax) extending the period of limitation for the assessment of tax on the joint return filed by them for the year ended December 31, 1975 from October 13, 1979 to December 31, 1979. This Form 872 was signed by an authorized delegate of the Secretary on October 26, 1978. On September 18, 1979 and September 24, 1979, respectively, the petitioners signed a second Form 872 extending the period of assessment for their 1975 joint return to December 31, 1981. This Form 872 was signed by an authorized delegate of the Secretary on October 1, 1979. The form contains a statement which reads: "Making this consent will not deprive the taxpayer(s) of any appeal rights to which they would otherwise be entitled." The signing of this Form 872 was preceded by a letter from the District Director which stated in *636 part: By extending the limitation period, you will have time, if you choose, to present your views at conferences at District and Regional levels if we propose adjustments you do not agree to. Petitioner Michael Ravin, a certified public accountant knowledgeable in Federal tax matters, talked to someone in the Los Angeles Audit Division of the Internal Revenue Service who informed him that if petitioners consented to the extension they would be afforded administrative rights and the opportunity to present their views if an adverse determination was made. On or about November 21, 1979, the petitioners signed a third Form 872, requested by an Internal Revenue Agent, which extended the period for assessment with respect to the 1975 joint return to September 30, 1981. Since the second Form 872 had extended the assessment period to December 31, 1981, the third Form 872 represented a shortening of the assessment period. The third Form 872 was signed by an authorized delegate of the Secretary on November 28, 1979. It also contained a statement that the taxpayers would not be deprived of their appeal rights by executing the consent. After the third Form 872 was signed, petitioners *637 were not contacted by anyone in the Internal Revenue Service nor were they given an opportunity to present their views before the notice of deficiency was mailed to them on April 14, 1980. The notice was issued for the Commissioner by W. H. Connett, District Director. Mr. Connett's facsimile signature was stamped on the notice by Sharon Meigs, a Reviewer (Grade GS-12) in the Examination Division, Internal Revenue Service, Los Angeles, and initialed by her. Ms. Meigs had the delegated authority "to sign the name of the District Director, and send to the taxpayer, by registered or certified mail, any statutory notice of deficiency." The only limit on the District Director's power of redelegation is contained in Delegation Order No. 77 (Revisions 9 through 14). [1]
On November 20, 1978, the *638 Los Angeles District Director issued Delegation Order No. LA-41 (Rev. 8) which delegated authority to sign notices of deficiency to Reviewers in the Examination Division with grades not lower than GS-11. This delegation was within the scope established by Delegation Order No. 77 (Rev. 11), the revision of that Delegation Order in effect on November 20, 1978. Delegation Order No. LA-41 (Rev. 8) was effective until superseded by Delegation Order No. LA-41 (Rev. 9) issued on July 27, 1980. OPINION Issue 1. Validity of Consents--Statute of Limitations
Petitioners' principal contention is that the statute of limitations barred the assessment of tax for the year 1975. They argue that they agreed to the second and third consents (Form 872) on the condition that they were to be afforded administrative review and an opportunity to present their views prior to the issuance of the notice of deficiency. They assert that the failure of respondent to comply with such condition nullified the consents to extend the statutory period for assessment because "duress is obvious." To the contrary, respondent contends that the consents are valid and the notice of deficiency was issued by respondent *639 within the period for assessment as so extended. The parties agree that, absent valid consents, the three year period for assessment provided by section 6501(a) [2] would have expired on October 13, 1979. The first consent (Form 872) is not in controversy since it expired prior to the issuance of the deficiency notice. Thus, the crux of this issue relates to the validity of the second and third consents. In our opinion both are valid. Clearly there was no duress or coercion by respondent's agents that caused the petitioners to sign the consents nor were there any material misrepresentations. Petitioner Michael Ravin, an experienced certified public accountant, familiar with Federal tax law and procedures, merely asked an unidentified agent of the Internal Revenue Service whether his administrative appeal rights would be preserved if he signed the second consent. He apparently was told, albeit incorrectly, that his administrative rights "would be barred" if he did not sign the consent and that his administrative rights "would prevail" if he did sign it. However, *640 Mr. Ravin made no attempt to change the Form 872 by making his administrative appeal rights an expressed condition to the issuance of the notice of deficiency. There is no written condition in the consent and, consequently, no quidproquo for extending the assessment period. Moreover, the often stated general rule is that a revenue agent does not have the authority to bind the Commissioner. See United States v. Stewart,311 U.S. 60 (1940); Bornstein v. United States, 170 Ct. Cl. 576, 345 F.2d 558 (1965); Wilkinson v. United States, 157 Ct. Cl. 847, 304 F.2d 469 (1962). A claim of estoppel is usually rejected, although the taxpayer contends that he followed the erroneous advice of an agent and acted in reliance upon it. Cf. Montgomery v. Commissioner, 65 T.C. 511, 522 (1975); Boulez v. Commissioner, 76 T.C. No. 17 (February 4, 1981). Petitioners also point to the language in the cover letter sent with the second Form 872, which is quoted in our findings of fact, and their reliance on it. The weakness of their argument is that the Internal Revenue Service frequently issues notices *641 of deficiency without providing for a prior appellate conference. It is important to note that the quoted language does not state that any conferences will be automatically provided, but it merely states that by signing the Form 872 the taxpayer retains the same rights to an appellate conference prior to the issuance of the notice of deficiency as all other taxpayers. Put differently, it is nowhere indicated on the Form 872 that by signing it a taxpayer will improve his appeal rights. Here the petitioners were still entitled to an appellate conference under Rev. Proc. 79-59, 1979-2 C.B. 573, even if they had not signed the Form 872. While the statement in the letter may have been inaccurate, and the comments made by the agent may have been incorrect, they were immaterial in the sense that the petitioners suffered no serious prejudice and their administrative rights were preserved. [3]
*642 Finally, we observe that the procedural rules with respect to administrative appeals are merely directory, and like other similar procedural rules "compliance with them is not essential to the validity of a notice of deficiency." Luhring v. Glotzbach, 304 F.2d 560, 563 (4th Cir. 1962); Rosenberg v. Commissioner, 450 F.2d 529, 532 (10th Cir. 1971), affg. a Memorandum Opinion of this Court; Collins v. Commissioner, 61 T.C. 693, 701 (1974); Flynn v. Commissioner, 40 T.C. 770, 773 (1963). Accordingly, we hold that the second and third consents are valid and the statute of limitations does not bar an assessment for the year 1975. Issue 2. Authority to Issue Deficiency Notice
Petitioners also attack the validity of the notice of deficiency dated April 14, 1980, on the ground that it was not issued by the "Commissioner or his delegate," but by a person, Sharon Meigs, who lacked authority to do so. Respondent counters with the contention that Ms. Meigs, a Reviewer (Grade GS-12) in the Los Angeles Examination Division, Internal Revenue Service, was duly authorized to sign in the name of the District Director, *643 and send to the petitioners, the notice of deficiency. We agree with the respondent. We think there was a proper delegation of authority to Sharon Meigs to issue the notice of deficiency involved herein. Section 6212(a) provides that if the Secretary determines that there is an income tax deficiency, he is authorized to send a notice of deficiency to the taxpayer by certified mail or registered mail. The term "Secretary" is defined in section 7701(a)(11)(B) as the "Secretary of the Treasury or his delegate." The phrase "or his delegate" is defined in section 7701(a)(12)(A)(i) as "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context." Under the provisions of section 301.7701-9(b), Proced. & Admin. Regs., when a function is vested by statute in the Secretary of the Treasury or his delegate, and the Treasury regulations provide that such function may be performed by a district director, then the provision in the regulations constitutes a delegation by the Secretary to the district director of the *644 authority to perform such function. Section 301.6212-1(a) provides that if a district director determines that there is an income tax deficiency, he is authorized to notify the taxpayer of the deficiency. Thus, the authority to issue notices of deficiency has been delegated by the Secretary to district directors. Under section 301.7701-9(c) an officer authorized by regulations to perform a function has the authority to redelegate the performance of such function except to the extent that "such power to so redelegate is prohibited or restricted by proper order or directive." Here the only limit on the power of the District Director to redelegate is contained in Commissioner's Delegation Order No. 77 (Revisions 9 through 14). When the notice of deficiency herein was issued on April 14, 1980, Sharon Meigs was a Revenue Agent (Reviewer), Grade GS-12 in the Examination Division. The delegation of authority to Revenue Agents (Reviewers not lower than GS-11) to issue statutory notices of deficiency is found in Delegation of Authority No. LA-41 (Rev. 8), issued on November 20, 1978, by the Los Angeles District Director. That delegation cites Delegation Order No. 77 (Rev. 9) as authority *645 for the redelegation. On November 20, 1978, Revision 9 of Delegation Order No. 77 had been superseded by subsequent revisions, and Revision 14 was in effect when the notice of deficiency was sent to the petitioners. The authority of a District Director to delegate his authority to issue notices of deficiency is derived from sections 301.6212-1(a) and 301.7701-9, Proced. & Admin. Regs. Section 301.7701-9(c) provides that a District Director has authority to redelegate the performance of his functions including the issuance of a notice of deficiency. The mere fact that in Delegation Order No. LA-41 (Rev. 8) the District Director incorrectly referred to Delegation Order No. 77 (Rev. 9), instead of the revision then in effect, is irrelevant. See section 301.7701-9(d). Moreover, each subsequent revision to Delegation order No. 77 provides that a District Director may redelegate to "not lower than Reviewers Grade GS-9 in the Examination Divisions" his authority to sign and send to taxpayers a statutory notice of deficiency. Ms. Meigs was a Revenue Agent (Reviewer Grade GS-12), and she was acting for the District Director in issuing the notice of deficiency herein. In addition, the revisions *646 to Delegation Order No. 77 specifically reaffirm the District Director's power to redelegate his function of issuing statutory notices of deficiency and in no way prohibit the delegations found in Delegation Order No. LA-41 (Rev. 8). See Estate of Brimm v. Commissioner,70 T.C. 15, 19-22 (1978). Since Delegation Order No. 77 is merely a limitation on the District Director's authority to redelegate his functions granted by section 301.7701-9(c), the fact that he erroneously believed he was required to stay within one limitation does not invalidate his action as long as he stayed within the limitation which actually applied. Moreover, to the extent that the citation of the wrong revision of Delegation Order No. 77 may constitute a defect in the chain of delegation of authority to issue notices of deficiency, the defect was extremely minor and did not prejudice petitioners' rights. See Estate of Brimm v. Commissioner, supra at 19-22; Perlmutter v. Commissioner, 44 T.C. 382, 400 (1965), affd. 373 F.2d 45 (10th Cir. 1967); Wessel v. Commissioner, 65 T.C. 273, 277 (1975). There is no merit to petitioners' *647 arguments that Ms. Meigs was not under "the supervision and control of the official [district director] having authority to redelegate" or that the statutory notice lacked validity because Ms. Meigs had no "substantive review" authority. [4]
Accordingly, we conclude that the delegation to Sharon Meigs was proper, and therefore the notice of deficiency was issued by a person who had the authority to do so. In conclusion, we hold that the notice of deficiency was valid and this Court has jurisdiction. Petitioners' motion will be denied. An appropriate order will be entered. Footnotes
1. Revision 9 is found at 1978-1 C.B. 514; Revisions 10 and 11 at 1978-2 C.B. 475; Revision 12 at 1979-1 C.B. 475; Revision 13 at 1979-2 C.B. 484; Revision 14 at 1980-1 C.B. 573↩. These revisions allow the District Director to redelegate the authority to sign notices of deficiency to Reviewers in the Examination Division, Grade GS-9 or above.
2. All section references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Another flaw in petitioners' position is that they have treated the second and third consents in combination and with equal force. Technically, the third consent supplanted the second one, and there were no verbal or written misstatements about administrative appeal rights with respect to the third and final consent. Thus, any prior condition was, in essence, waived by petitioners.↩
4. It matters not whether Ms. Meigs made a "substantive review" of the adjustments contained in the notice of deficiency. She acted within the scope of her delegated authority and responsibility, which was, as she testified, to "verify that the notice was procedurally correct, to apply the District Director's stamp, and to initial off to show that I had the authority and had reviewed the notice." A substantive review of the notice may very well have been made by others who had such duties in the Examination Division.↩