BURTON KELLOGG, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11208-86.      Filed January 15, 1987.

*Anthony E. Reiss*, for the petitioner.
*Anne M. DiFonzo* and *Charles Williams*, for the respondent.

## OPINION

FEATHERSTON, *Judge*: Respondent's motion to dismiss for lack of jurisdiction filed herein was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7456(d)(4) (redesignated section 7443A(b)(4) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 1755) and Rule 180. [1] After a review of the record, we agree with and adopt his opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed on May 27, 1986. Respondent seeks dismissal on the ground that no statutory notice of deficiency or notice of transferee liability was issued to petitioner pursuant to section 6212.

---

[1] All section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

*Background*

At the time the petition was filed, petitioner resided at Ouaquaga, New York.

Petitioner is the sole surviving relative of Herbert Morris Kellogg who died on September 23, 1980, leaving a gross estate in excess of $3 million. The estate consisted primarily of cash and marketable securities. Petitioner, a beneficiary of the estate of Herbert Morris Kellogg (hereinafter the estate), hired counsel for the estate to handle all administrative matters including the filing of Federal tax returns.[2] An accounting firm was retained by the estate's counsel, and a Form 706, Federal Estate Tax Return, was prepared showing a Federal estate tax liability of $1,086,130. The return was not timely filed, however, nor was the tax timely paid. It was not until December of 1983, more than 3 years from the date of Herbert Morris Kellogg's death, that the estate taxes reported on the return were paid.

Since the estate tax return was filed late, respondent assessed a late filing addition against the estate. An addition for the late payment of tax was also assessed.[3] These additional amounts remain unpaid by the estate, and interest pursuant to section 6601 is accruing thereon. See sec. 6601(e). An administrative appeal was made requesting the abatement of the assessed additions. However, respondent declined to abate the additions to tax.

Subsequently, the case was referred to Revenue Officer Edward Cartin (Cartin) of the Binghamton, New York, Internal Revenue Service Office.[4] During his collection activities, Cartin learned that the estate's last known address was not in New York, but in Pennsylvania. Consequently, Cartin prepared to transfer the case to a Pennsylvania district office for collection. Cartin contacted Revenue Officer Lawrence Ziolkowski (Ziolkowski), a "Special Procedures adviser" with the Buffalo District Office, to

---

[2]It is unclear on this record whether petitioner was appointed administrator or named executor by will. It is apparent, however, that petitioner assumed some fiduciary role with respect to the estate. At the hearing on this motion on Aug. 20, 1986, respondent stated that the Federal estate tax return filed on Dec. 22, 1983, was signed by petitioner as fiduciary. This statement remains uncontroverted.

[3]The additions to tax were apparently assessed pursuant to secs. 6201 and 6662(b) without the issuance of a notice of deficiency.

[4]The Internal Revenue Service Office at Binghamton, New York, is within the jurisdiction of the District Director, District of Buffalo, New York.

discuss transfer procedures. In the discussion, it was decided that a letter be sent to the estate's distributee (petitioner) in a last effort to collect the tax by Cartin.

In a letter dated January 24, 1986, Cartin notified petitioner of the estate taxes due from the Estate of Herbert Morris Kellogg.[5] The letter informed petitioner that a lien exists on the property included in the gross estate pursuant to section 6324, and stated, "Demand for the immediate payment is hereby made for the amount of $1,102,710.38 through 2-28-86,[6] which is the extent of the value, at the time of decedent's death, of property received by you as spouse, beneficiary, transferee, trustee, surviving tenant, or person in possession of property by reason of the exercise, non-exercise, or release of a power of appointment."[7]

---

[5]The letter was executed on the letterhead of the District Director, but was not prepared in the District Director's name.

[6]Respondent subsequently clarified that the amount of $1,102,710.38 represents a late filing addition of $271,532.50, a late payment addition of $135,766.25 and interest accrued to Feb. 28, 1986, of $695,411.63.

[7]Because of the importance of this letter to our jurisdiction we reproduce its contents in its entirety:

Mr. Burton Kellogg                                    Person to Contact: E. Cartin
Apt. #1
1230 Seaway Drive                                     Telephone Number: 607-773-2714
Island Beach Lodge
Fort Pierce, LF [sic] 33450                            Refer Reply to: C:F:2116

Date: January 24, 1986

Dear Mr. Kellogg:

This is a notice of Estate tax due from the Estate of Herbert Kellogg. Pursuant to Section 6324 of the Internal Revenue Code a lien has arisen upon all property included in the gross estate of Herbert Kellogg.

Demand for immediate payment is hereby made for the amount of $1,102,710.38 through 2-28-86, which is the extent of the value, at the time of decedent's death, of property received by you as spouse, beneficiary, transferee, trustee, surviving tenant, or person in possession of property by reason of the exercise, non-exercise, or release of a power of appointment.

Please make your check or money order payable to the Internal Revenue Service office shown below.

Very truly yours,

(S) Edward Cartin
EDWARD CARTIN
*Revenue Officer*

Internal Revenue Service
15 Henry Street, room 107A
Binghamton, New York 13901

On January 24, 1986, neither Cartin or Ziolkowski were authorized to issue statutory notices of deficiency or notices of transferee liability.

On April 25, 1986, a petition was filed seeking "a redetermination of the liability set forth by the Commissioner of Internal Revenue in his notice of liability * * * dated January 24, 1986." The petition, in sum, contests petitioner's liability as a "transferee." In his prayer for relief, petitioner asks that we "enjoin the Internal Revenue Service from attempting to collect the Estate Tax from Burton Kellogg [petitioner], that the Tax Court abate the penalties [additions] and interest asserted to be due from the Estate of Herbert Morris Kellogg and that the Tax Court grant any other relief the Court deems just and proper." (Reproduced literally.) Attached to the petition is a copy of the letter dated January 24, 1986.

Respondent subsequently moved to dismiss for lack of jurisdiction on the ground that no statutory notice of deficiency authorized by section 6212 was sent to petitioner.[8] Hearings were held on August 20, 1986, and December 3, 1986, at the conclusion of which respondent's motion was taken under advisement.

## Motion To Dismiss for Lack of Jurisdiction

It is clear that this Court can proceed on the merits of petitioner's case only if we find that the letter dated January 24, 1986, is effective to support Tax Court jurisdiction. Except in actions for declaratory judgment or for disclosure, the jurisdiction of the Court depends (1) in a case commenced by a taxpayer, upon the issuance of a notice of deficiency, and (2) in a case commenced by a transferee or a fiduciary, upon the issuance of a notice of liability to the transferee or fiduciary. Rule 13(a). As such, what must be shown is that a notice of deficiency or notice of transferee liability was sent in this case. Without such a showing the Court has no jurisdiction and respondent's motion must be granted.

---

[8]Initially, respondent's motion was limited to whether a notice of deficiency authorized by sec. 6212 and required by sec. 6213(a) had been issued to petitioner. However, in oral argument respondent addressed petitioner's separate contention that a notice of transferee liability was issued.

Petitioner contends that the letter dated January 24, 1986, is a notice of deficiency and, alternatively, a notice of transferee liability. Petitioner's alternative argument is an issue of first impression.

In support of his position that the letter is a notice of deficiency, petitioner argues (1) no form for a notice of deficiency is required, (2) a notice of deficiency need not notify petitioner that the matter may be resolved in the Tax Court, and (3) petitioner can waive defects in the notice of deficiency in order to avail himself of Tax Court jurisdiction.

This is not the first occasion that we face the task of determining whether a letter or some other communication constitutes a statutory notice of deficiency.[9] Recently we determined that a pre-filing notification letter did not constitute a notice of deficiency within the meaning of sections 6212(a) and 6213(a). See *Abrams v. Commissioner*, 84 T.C. 1308 (1985), affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. *Benzvi v. Commissioner*, 787 F.2d 1541 (11th Cir. 1986), affd. sub nom. *Spector v. Commissioner*, 790 F.2d 51 (8th Cir. 1986), affd. sub nom. *Donley v. Commissioner*, 791 F.2d 383 (5th Cir. 1986), affd. in an unpublished opinion sub nom. *Becker v. Commissioner*, 799 F.2d 753 (7th Cir. 1986), affd. sub nom. *Gaska v. Commissioner*, 800 F.2d 633 (6th Cir. 1986), affd. sub nom. *Alford v. Commissioner*, 800 F.2d 987 (10th Cir. 1986), affd. in an unpublished opinion sub nom. *Neal v. Commissioner*, ___ F.2d ___ (2d. Cir. 1986), cert. denied 479 U.S. ___ (1986).[10] In *Abrams* we summarized the principles which guide our determination:

Section 6212(a) authorizes the issuance of a notice of deficiency. No particular form is required. *Scar v. Commissioner*, [81 T.C. 855 (1983)] at 860; *Jarvis v. Commissioner*, 78 T.C. 646, 655-656 (1982). However, the notice must fulfill the purpose of providing formal notification that a deficiency in tax has been determined. *Foster v. Commissioner*, [80 T.C.

---

[9]See, for example, *Johnston v. Commissioner*, 52 T.C. 792 (1969), affd. 429 F.2d 804 (6th Cir. 1970) (notice of tax due for underpayment of estimated tax held not a deficiency notice); *Lerer v. Commissioner*, 52 T.C. 358 (1969) (Form 7900 letter held not a deficiency notice); *White v. Commissioner*, T.C. Memo. 1985-238 (notice of termination assessment held not a deficiency notice); *Mall v. Commissioner*, T.C. Memo. 1981-253 (letter rejecting taxpayers' offer in compromise held not a deficiency notice); *Oliver v. Commissioner*, T.C. Memo. 1973-187 (notice of self-employment tax due held not a deficiency notice). Cf. *McDonnell v. United States*, 59 F.2d 290, 294 (Ct. Cl. 1932), affd. on other grounds 288 U.S. 420 (1933) (letter constituted a notice of deficiency although it did not advise taxpayer of right to appeal to this Court).

[10]An appeal is currently pending in the Court of Appeals for the Ninth Circuit.

34 (1983)] at 229. The notice is "only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this *unequivocally* is good enough." *Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir. 1937) (emphasis added). The notice must (1) advise the taxpayer that the Commissioner has, in fact, determined a deficiency, and (2) specify the year and amount of the deficiency. *Foster v. Commissioner, supra* at 229-230. [84 T.C. at 1310; fn. ref. omitted.]

Clearly, the letter which petitioner submits as the basis for our jurisdiction in this case cannot be considered a notice of deficiency. Although a notice of deficiency need not be in or on any particular form, it must convey that a deficiency has been determined. The letter in controversy simply does not do this.

In *Abrams* we noted that the letters which the taxpayers contended supported Tax Court jurisdiction did not purport to be notices of deficiency. We also noted that respondent in that case did not intend that the letters be deficiency notices. 84 T.C. at 1310. As in *Abrams*, the letter in this case does not purport to be a deficiency notice nor was it intended as such. We said in *Lerer v. Commissioner*, 52 T.C. 358, 365 (1969), "the sufficiency of the notice must be determined from the language used." After carefully reviewing the letter herein the unequivocal message is that the estate's delinquent taxes be paid. In our opinion, the letter is unmistakably a demand for payment and not a notice of deficiency.

Further, the authority to determine and issue statutory notices of deficiency is vested by statute in the Secretary of the Treasury or his delegate. See secs. 6212(a), 7701(a)(11)(B), and 7701(a)(12)(A)(i). Pursuant to sections 301.6212-1(a) and 301.7701-9(b), Proced. & Admin. Regs., the Secretary has delegated to District Directors the authority to send deficiency notices. See *Perlmutter v. Commissioner*, 44 T.C. 382, 385 (1965), affd. 373 F.2d 45 (10th Cir. 1967). A District Director possesses the requisite authority to sign and to mail statutory notices of deficiency and may redelegate this authority to various subordinates except as restricted by proper order or directive. See sec. 301.7701-9(c), Proced. & Admin. Regs.;[11] *Estate of Brimm v.*

---

[11]Sec. 301.7701-9(c), Proced. & Admin. Regs., provides—

An officer or employee, including the Commissioner, authorized by regulations or Treasury decision to perform a function shall have authority to redelegate the performance of such

*Commissioner*, 70 T.C. 15, 19-20 (1978); *Wessel v. Commissioner*, 65 T.C. 273 (1975).[12]

At the time the letter dated January 24, 1986, was issued, the District Director of the District of Buffalo had not issued any delegation orders redelegating authority to issue notices of deficiency pursuant to section 301.7701-9(c), Proced. & Admin. Regs., to Cartin or Ziolkowski. The only persons in that district authorized to issue statutory notices of deficiency, aside from the District Director, were those persons specified by the Deputy Commissioner of Internal Revenue in Delegation Order No. 77 (Rev. 18) (effective Oct. 29, 1984), 1985-1 C.B. 423.[13] Revenue officers are not among the officials named in the delegation order as having authority to sign and send notices of deficiency. As such, the revenue officer who prepared and issued the letter of January 24, 1986, was not authorized to issue statutory

---

function to any officer or employee performing services under his supervision and control, unless such power to so redelegate is prohibited or restricted by proper order or directive. * * *

[12]See also *Lillis v. Commissioner*, T.C. Memo. 1983-142, affd. by unpublished opinion 740 F.2d 974 (9th Cir. 1984); *Hill v. Commissioner*, T.C. Memo. 1971-127, affd. per curiam by unpublished opinion (10th Cir. 1973).

[13]Delegation Order No. 77 (Rev. 18) (effective Oct. 29, 1984), 1985-1 C.B. 423, which applies to this case, provides—

Authority to Issue Notice of Deficiency

1. The authority granted to the Commissioner of Internal Revenue and District Directors, by 26 CFR 301.7701-9, [26] U.S.C. 6212, 26 CFR 301.6212-1, Treasury Department Order 150-37, and 26 CFR 301.6861-1 to sign and send to the taxpayer by registered or certified mail any notice of deficiency is hereby delegated to the following officials:

    a. Chief Counsel;
    b. Regional Counsel;
    c. Regional Directors of Appeals;
    d. Chiefs and Associate Chiefs of Appeals Offices;
    e. Appeals Team Chiefs as to their respective cases;
    f. Service Center Directors;
    g. Reviewers (grade GS-12 and higher), in Employee Plans and Exempt Organizations Divisions;
    h. Revenue Agents, and Tax Auditors (Reviewers) (grade GS-6 and higher), in the Examination Divisions;
    i. Revenue Agents (grade GS-11 and higher), in streamlined districts Examinations Sections and/or groups;
    j. Chiefs of Correspondence and Processing Sections;
    k. Examinations Tax Examiners/Revenue Agents (grade GS-6 and higher), in Service Center Compliance Divisions;
    l. Tax Examiners (grade GS-5 and higher), in Service Center Processing and Tax Accounts Divisions; and
    m. Tax Examiners (Reviewers) (grade GS-6 and higher) Quality Assurance and management Support Division, Service Centers.

2. Delegation Order No. 77 (Rev. 17), effective July 14, 1983, is superseded. James I. Owens Deputy Commissioner

notices of deficiency. Because he did not possess the delegated authority to issue a notice pursuant to section 6212, it follows that the revenue officer's letter dated January 24, 1986, cannot be considered a *statutory notice* of deficiency within the meaning of section 6212.

In light of the foregoing principles, we find that the letter dated January 24, 1986, is not a statutory notice of deficiency. On this record, we agree with respondent that no notice of deficiency was issued that would support deficiency jurisdiction in our Court.[14]

We turn now to petitioner's alternative position that the letter in controversy constitutes a notice of transferee liability.

Petitioner maintains that the letter dated January 24, 1986, determined that petitioner was liable for the taxes owed by the estate and thus constitutes a notice of transferee liability. Petitioner's brief states, "This notice specifically says that it is a notice of transferee liability under section 6324 of the Code." It is petitioner's contention that the language used and the reference to section 6324 in the letter require that we conclude it constitutes a notice of transferee liability.

At the outset we feel compelled to comment on petitioner's allegation that the letter "specifically says that it is a notice of transferee liability." We have reproduced the controverted letter in its entirety[15] and cannot agree with petitioner's assertion. Our task in this proceeding may have been less difficult if such a statement was in fact made in the letter of January 24, 1986. The letter is not identified as a notice of transferee liability, and, for the reasons set forth hereinafter, we conclude that it cannot be treated as such a notice.

Respondent's authority for issuing a notice of transferee liability is derived from section 6901. Section 6901(a)

---

[14]In reaching this conclusion we do not reject petitioner's contentions that (1) no form is required for a deficiency notice, (2) the deficiency notice need not apprise a taxpayer of his right to appeal to this forum, or (3) a taxpayer can waive defects in a deficiency notice. We have in the past invoked these principles to confirm our jurisdiction in appropriate situations. Nevertheless, these arguments provide no support for our jurisdiction in this case. Quite simply, the internal contents of the revenue officer's letter do not amount to a notice to petitioner of a deficiency. Thus it follows there can be no waiver of defects, nor would it be appropriate for respondent to apprise petitioner of a right to petition this Court where no such right exists.

[15]See note 7 *supra*.

provides that with respect to transferred assets, the method of assessing and collecting liabilities of transferees shall be the same, and subject to the same limitations, as in the case of taxes with respect to which the liabilities were incurred. Sec. 301.6901-1(a)(1), Proced. & Admin. Regs.; *Dillman v. Commissioner*, 64 T.C. 797, 800 (1975). The provisions of the Code made applicable by section 6901(a) to the liability of a transferee include the provisions relating to the filing of a petition with the Tax Court. Sec. 301.6901-1(a)(3), Proced. & Admin. Regs. Although section 6213(a), pertaining to filing petitions with this Court, is couched in terms of notice of deficiency, section 6901(a) (as well as the regulations issued thereunder) indicates that it applies to a notice of transferee liability as well. See *Looper v. Commissioner*, 73 T.C. 690, 692 n. 3 (1980). As such, pursuant to section 6213(a) a transferee may petition our Court for a redetermination of his transferee liability only after a notice of transferee liability authorized by section 6901 has been determined and is issued under the provisions of section 6212. Our Rule 13 is in accord with the foregoing analysis.

As in the case of a notice of deficiency, the requisite content of a notice of transferee liability is not prescribed by statute or regulations. In *Dillman v. Commissioner*, *supra* at 801, we said, "The notice of transferee liability is simply a notice sent to the transferee, as required by Federal statute before assessment can be made, that the Commissioner has determined that transferee liability exists and proposes to assess the liability, giving the transferee 90 days within which to petition the Tax Court for a redetermination of the existence of the liability." Simply stated, the notice must (1) determine transferee liability, and (2) notify the transferee that the liability will be assessed.

As previously noted, the letter dated January 24, 1986, is not identified as a notice of transferee liability. Although no particular form is prescribed for a notice of transferee liability, it must fulfill the purpose of providing notice that the taxpayer is liable for certain taxes as a transferee. The letter does not do this; neither does it propose to assess any taxes. The only notification in the letter is found in the first

paragraph. Therein the letter unequivocally notifies petitioner that estate taxes are due from the estate.

Petitioner argues that the reference to section 6324 in the letter signifies an intent that the letter be a notice of transferee liability.[16] We acknowledge that section 6324(a)(2) imposes personal liability on a transferee for unpaid estate taxes. However, petitioner ignores the fact that section 6324 also encompasses the rules pertaining to the "special estate tax lien." Sec. 6324(a)(1). The reference to section 6324 was undoubtedly to apprise petitioner of the existence of the "special lien." Were we to accept petitioner's argument, then every attempt by respondent to enforce a lien created by section 6324 could be thwarted by the expedient of filing a petition with this Court. Further, this would fly in the face of sections 6904 and 7421(b) pertaining to the prohibition of suits to restrain assessment or collection of transferee liabilities.

On this record, we are not persuaded that the letter of January 24, 1986, is anything more than a demand for payment of delinquent tax. It does not purport to be a notice of transferee liability, and we decline to treat it as such. In addition, the letter was not executed by or in the name of a person who is authorized to issue notices of transferee liability.[17] Accordingly, we conclude that no notice of transferee liability was issued pursuant to sections 6212 and 6901, and this case must be dismissed for lack of jurisdiction.

In closing, we comment on petitioner's plea in equity and that we enjoin the collection of tax. On numerous occasions we have reminded taxpayers that ours is a court of limited jurisdiction. See sec. 7442. Our jurisdiction to grant equitable relief is strictly limited; it exists only to the extent specifically enumerated by statute, and it does not include the power to make tax liability turn on equitable considerations. See *Estate of Rosenberg v. Commissioner*, 73 T.C. 1014, 1017-1018 (1980), and cases cited therein. With respect to the request for an injunction, we direct petitioner

---

[16]We have previously discussed "intent" as it pertains to a notice of deficiency or other communication that allegedly constitutes a notice of deficiency, *supra.*

[17]See our earlier discussion pertaining to delegated authority to issue statutory notices of deficiency. Again, although couched in terms of notice of deficiency, the statutory provisions and delegation order apply to the issuance of a notice of transferee liability. Sec. 6901(a).

to section 7421 which generally proscribes the maintenance of suits for the purpose of restraining the collection of tax.

The merits of petitioner's case are not within the substantive jurisdiction of this Court. Respondent's motion will be granted.

*An appropriate order of dismissal for lack of jurisdiction will be entered.*