BILLY B. CULLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cullen v. Commissioner
Docket No. 14690-90
United States Tax Court
T.C. Memo 1992-516; 1992 Tax Ct. Memo LEXIS 551; 64 T.C.M. (CCH) 673; September 8, 1992, Filed *551 Decision will be entered for respondent. For Billy B. Cullen, pro se. For Respondent: Derek Matta. GUSSIS
GUSSIS
MEMORANDUM OPINION
GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent determined a deficiency in petitioner's Federal income tax for 1987 in the amount of $ 3,083 and additions to tax under section 6653(a)(1)(A) in the amount of $ 154 and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on that portion of the deficiency attributable to negligence. The issues presented are: (1) Whether an $ 8,675 payment made to petitioner in 1987 represented compensation for services; (2) whether petitioner is liable for self employment tax; (3) whether petitioner is liable for additions to tax under section 6653(a)(1)(A) and (B); and (4) whether petitioner is subject to the section 6673 penalty. Some of the facts have been stipulated and they are so found. The stipulation of facts *552 and attached exhibits are incorporated by this reference. Petitioner resided in Corpus Christi, Texas, at the time the petition herein was filed. During the 1987 tax year petitioner was employed by both Oxford Services, Inc. (Oxford), and Sunrise Vending Co. (Sunrise). He received $ 5,790.41 in gross wages from Oxford and $ 3,060 in gross wages from Sunrise. Petitioner also received an $ 8,675 payment from his father for work performed on his ranch. Although petitioner included his wages from Oxford and Sunrise on his 1987 Federal income tax return, he did not include the payment he received from his father. Section 61(a)(1) provides, in pertinent part, that gross income includes compensation for services. Section 102(a) excludes from income the value of property acquired by gift. Respondent determined that the $ 8,675 payment made to petitioner by his father was includable in petitioner's gross income as compensation for services performed on his father's ranch. Petitioner maintains that although he performed work for his father, for which he was paid, the payment was a gift. The controlling factor in determining whether a payment is a gift or compensation is the transferor's *553 intent. Commissioner v. Duberstein, 363 U.S. 278, 285-286 (1960). Petitioner bears the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). There is nothing whatever in the record that even remotely would suggest that the payment at issue was intended as a gift. In fact, it readily appears that petitioner's father regarded this payment as nonemployee compensation and it was so reported to the Internal Revenue Service. Moreover, petitioner even describes the payment of $ 8,675 as wages for labor. We conclude on this record that the payment of $ 8,675 is includable in petitioner's taxable income for 1987 as compensation. We further conclude on this record that the compensation paid to petitioner represents self-employment income subject to the self-employment tax imposed by section 1401(a). Respondent is sustained. Petitioner also makes several arguments which are in the tax protester category. Petitioner argues that the Secretary of the Treasury failed to properly delegate his authority to assess and collect taxes to respondent. Specifically, petitioner contends that because Treasury Department Order No. 150-10, *554 which delegated the Secretary's assessment authority to respondent, was not published in the Federal Register as required by the Federal Register Act, 44 U.S.C. secs. 1501-1511 (1988), and the Administrative Procedure Act, 5 U.S.C. secs. 551-559 (1988), the notice of deficiency issued to him by respondent is invalid. These same arguments were considered and refuted in Stamos v. Commissioner, 95 T.C. 624 (1990), affd. 956 F.2d 1168 (9th Cir. 1992). In Stamos, we concluded that the failure to publish Treasury Department Order No. 150-10 in accordance with the Federal Register Act or the Administrative Procedure Act did not invalidate the Secretary's delegation of his authority to issue statutory notices of deficiency to respondent. We based our conclusion on the following reasons: (1) Delegation orders are essentially rules of internal agency/management procedures which do not affect the rights and obligations of citizens; (2) section 552 of 5 U.S.C., which specifies that documents required to be published by Act of Congress be published in the Federal Register, does not require all internal delegation of authority to be published in order to *555 be effective since the statutory requirement for publication applies only to matters which, if not published, would adversely effect a member of the public; and (3) in any event, the taxpayers failed to explain how they were adversely affected by the failure to publish the delegation order. We further concluded that in light of the clear recognition in case law, previously published Treasury Department orders, and the Federal regulations, affirming the Commissioner's authority to enforce the Internal Revenue Code, the failure to publish Treasury Department Order No. 150-10 was harmless. See Kellogg v. Commissioner, 88 T.C. 167 (1987). Petitioner's remaining arguments are meritless. Our system of taxation is not voluntary in nature. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo. 1987-225. Petitioner is not free to disregard the statute. See Rowlee v. Commissioner, 80 T.C. 1111 (1983). Moreover, petitioner's argument that, pursuant to provisions of the Administrative Procedure Act, his challenge to the validity of the statutory notice of deficiency places the burden *556 of proof on respondent, must be rejected. The Administrative Procedure Act is not applicable to proceedings in the Tax Court. See Rintoul v. Commissioner, T.C. Memo. 1992-79. Petitioner has the burden of showing that respondent's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 6653(a)(1)(A) provides that if any part of any underpayment of tax is due to negligence, there shall be added to the tax an amount equal to 5 percent of the amount of the underpayment. Section 6653(a)(1)(B) provides that if any part of an underpayment in tax is due to negligence, there shall be added to the tax an amount equal to 50 percent of the interest payable on the portion of the deficiency attributable to negligence. Negligence is defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do in the same circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proof. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). In our view, petitioner's espousal of protester type arguments to support his *557 contentions here clearly supports a finding of negligence. In the absence of any persuasive evidence on this issue, we must sustain respondent's determination. Section 6673(a) provides in relevant part that where it appears to the Tax Court that proceedings before it have been instituted or maintained primarily for delay or that the taxpayer's position is frivolous or groundless, the Tax Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. The protester type arguments and contentions expounded at length by petitioner are largely specious and manifestly frivolous. The inescapable inference compelled by this record is that petitioner knowingly instituted and maintained this proceeding primarily for delay and has raised frivolous and groundless positions. We therefore conclude that petitioner is required to pay a penalty to the United States in the amount of $ 500. Decision will be entered for respondent.