WEBB F. HENDERSON, JR. AND JOYCE W. HENDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Henderson v. Commissioner
Docket No. 6626-91
United States Tax Court
T.C. Memo 1993-171; 1993 Tax Ct. Memo LEXIS 174; 65 T.C.M. (CCH) 2446; April 19, 1993, Filed *174 Webb F. Henderson, Jr., and Joyce W. Henderson, pro sese. For respondent: Deborah C. Stanley. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 7,497.70. The sole issue for decision is whether petitioners were entitled to change the method by which they calculated depreciation on an apartment building they owned from the accelerated cost recovery system method to the straight line method. Some of the facts were stipulated and they are so found. Petitioners were residents of Altavista, Virginia, at the time their petition was filed. In the latter part of 1982, petitioners completed construction of an apartment building. The building was placed in service in November 1982. On their joint income tax return for 1982, petitioners claimed a depreciation deduction for the building using *175 the Accelerated Cost Recovery System (ACRS) method. The building was sold on December 30, 1983. On their joint 1983 return petitioners claimed a depreciation deduction for the building using the straight line method. Filed with petitioners' 1983 return was an application for revocation of their election of the ACRS depreciation method. Petitioners contend that the depreciation of the building is governed by section 167 and that therefore they may change the method of depreciating the building without prior approval by respondent in accordance with section 167(e) as then applicable. Respondent argues that the depreciation of the building is governed by section 168 and that section 167(e) is therefore inapplicable. Section 167(a) allows as a depreciation deduction a reasonable allowance for the exhaustion, wear, and tear of (1) property used in a trade or business, or (2) property held for the production of income. Section 168, however, governs the depreciation of assets placed in service subsequent to December 31, 1980, in taxable years ending after such date. For such assets, the provisions of section 168 are mandatory. However, a taxpayer is permitted to elect an alternate *176 method of depreciation provided in section 168(b)(3). See Barron v. Commissioner, T.C. Memo. 1992-598. Any such election under this section, however, must be made for the taxable year in which the property is placed in service. See sec. 168(f)(4). Moreover, once a method of depreciation is elected, it may be revoked only with the consent of the Secretary. Sec. 168(f)(4)(c). Here, the apartment building at issue was placed in service in November 1982, and there is nothing in the record to indicate that petitioners made an appropriate election to depreciate the building under an alternate method of depreciation provided by section 168. Petitioner's belated attempt to change from the ACRS depreciation method, which they originally used on their 1982 return, to a straight line method in 1983 is untimely under the clear and unambiguous provisions of the statute. On this record, respondent must be sustained. Petitioners seek relief on the grounds of unreasonable delays by respondent in concluding the examination of their 1983 tax return. Petitioners' request is apparently premised on general principles of equity. The jurisdiction of this Court to *177 grant equitable relief is strictly limited; it exists only to the extent enumerated by statute, and it does not include the power to make tax liability turn on such equitable considerations. Kellogg v. Commissioner, 88 T.C. 167, 176 (1987). Decision will be entered for respondent.