T.C. Memo. 1999-135


UNITED STATES TAX COURT


JESSE S. FREDERICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6907-96.                    Filed April 22, 1999.


Jesse S. Frederick, pro se.

<u>G. Michelle Ferreira</u>, for respondent.


MEMORANDUM OPINION


    GALE, <u>Judge</u>:  Respondent determined the following
deficiencies in, and additions to, petitioner's Federal income
taxes:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|------------------|-----------|
| 1989 | $85,477 | $21,369 | $808 |
| 1990 | 160,895 | 40,224 | 10,595 |
| 1991 | 20,170 | 5,043 | 1,162 |
| 1992 | 67,450 | 16,863 | 2,940 |
| 1993 | 86,128 | 21,408 | 3,606 |

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

We must decide whether petitioner is liable for Federal income taxes and additions to tax.  We hold that he is, to the extent set out below.

Some of the facts have been stipulated and are so found.  We incorporate by this reference the stipulation of facts, supplemental stipulation of facts, second supplemental stipulation of facts, and attached exhibits.  At the time of filing the petition, petitioner resided in Soquel, California.

The facts are not in dispute.  Petitioner failed to report any income during the years in issue.  Respondent's determinations in the notice of deficiency were based on petitioner's unreported income comprising the following: Dividends and interest, wages, self-employment compensation, and capital gain.  At trial, respondent presented substantial evidence in support of the determinations.  Petitioner has admitted to receiving the ordinary income.  With respect to the

capital gain, petitioner had not provided evidence of basis to respondent before the issuance of the notice of deficiency, and thus respondent's determinations accounted for gross proceeds from sales of capital assets.  Before the record in this case was closed, petitioner presented evidence from which the parties were able to stipulate petitioner's cost basis in, and, where relevant, costs of sale of, almost all of the capital assets. The parties likewise stipulated that petitioner received capital gains in various amounts during the years in issue.

We find that petitioner had income (and loss) in the following amounts during the years in issue, based on the fact that petitioner has stipulated, admitted, or failed to dispute respondent's evidence with respect to those amounts:

|                                                      | 1989 | 1990 | 1991 | 1992 | 1993 |
|------------------------------------------------------|------|------|------|------|------|
| **Ordinary Income** | | | | | |
| Dividends | $613 | $262 | $141 | $27 | --- |
| Interest | 3,569 | 5,074 | 77 | --- | --- |
| Wages | --- | --- | --- | --- | $15,219 |
| Nonemployee compensation | 32,066 | 22,036 | 55,443 | --- | 230,952 |
| **Capital Gain** | | | | | |
| Short-term capital gain from sales of stock/options | 231 | 20,230 | --- | --- | --- |
| Short-term capital loss from sales of stock/options | 1,191 | 19,653 | 1,770 | --- | --- |
| Long-term capital gain from sales of stock/options | --- | --- | --- | --- | --- |
| Long-term capital loss from sales of stock/options | --- | 17,139 | 7,546 | 460 | --- |
| Short-term capital gain from sales of real property | [1]64,000 | 55,351 | --- | --- | --- |
| Long-term capital loss from sales of real property | --- | --- | --- | 59,555 | --- |

[1] The parties were unable to agree on petitioner's costs of sale for this property. Because there is no evidence in the record as to petitioner's costs of sale, petitioner's capital gain is computed as the difference between the sale price and basis.

Petitioner failed to file Federal income tax returns, and failed to make payments of estimated tax, for all the years in issue.

Rather than disputing the facts in the case, petitioner presents various legal arguments, seeking to establish that he is not liable for Federal income taxes and additions to tax. Petitioner concedes that Congress has the power to levy taxes and that the Internal Revenue Service generally has the authority to enforce the Internal Revenue Code. However, petitioner argues that the Secretary has not complied with the laws of Congress in attempting to enforce the Code in his case. We address each argument in turn.

Petitioner first argues that respondent did not comply with the laws of Congress in issuing the notice of deficiency in the instant case. Petitioner is incorrect. The Secretary or his delegate is authorized to issue a notice of deficiency. See secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i). The Secretary's authority to issue a notice of deficiency was properly delegated to the District Director who issued the notice of deficiency in this case. See Kellogg v. Commissioner, 88 T.C. 167, 172 (1987); sec. 301.7701-9(b), Proced. & Admin. Regs.; see also Stamos v. Commissioner, 95 T.C. 624 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992).

Petitioner next argues that respondent acted in a quasi-judicial manner in determining deficiencies and additions to tax against him and that respondent did not comply with all laws before issuing the notice of deficiency. This argument must also fail. In general, we do not look behind the notice of deficiency, see Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974), and there is no reason to do so here. Petitioner makes a vague claim that the notice of deficiency was arbitrary or erroneous. But the notice was not arbitrary or erroneous, since petitioner does not dispute the facts upon which the determinations were based. See, e.g., Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977). Moreover, it is well established that the Commissioner need not give a taxpayer the opportunity to appeal at the administrative level before issuing a notice of deficiency. See Estate of Barrett v. Commissioner, T.C. Memo. 1994-535, affd. without published opinion 87 F.3d 1318 (9th Cir. 1996).

Next, petitioner argues that any Treasury regulation that does not cite the statute under which the regulation was issued is invalid. Petitioner bases this argument on a provision from the Code of Federal Regulations, which states: "Each section in a document subject to codification must include, or be covered by, a complete citation of the authority under which the section is issued". 1 C.F.R. sec. 21.40 (1999). A "document" for this

purpose includes a regulation.  1 C.F.R. sec. 1.1 (1999).
Petitioner points out that the regulations under title 27 of the
Code of Federal Regulations, containing regulations pertaining to
the Bureau of Alcohol, Tobacco, and Firearms, comply with this
provision, but the regulations under title 26 of the Code of
Federal Regulations, containing regulations pertaining to the
Internal Revenue Service and the Internal Revenue Code, do not.
However, the Code of Federal Regulations specifically provides
that the rules governing citations of authority, and similar
matters of form, are not intended to affect the validity of
regulations filed and published under law.  See 1 C.F.R. sec. 5.1
(1999).  Thus, the Treasury regulations are valid irrespective of
any failure to include citations of authority.  Moreover,
1 C.F.R. sec. 21.40 provides that each section of a document
"must include, or be covered by, a complete citation of
authority".  (Emphasis added.)  The regulations under which
respondent issued the notice of deficiency generally cross-
reference a Treasury Decision which itself cites the statutory
authority upon which the regulation is based.[1]

Next, petitioner argues that Form 1040 is invalid.  This
argument has no merit.  See McDougall v. Commissioner, T.C. Memo.
1992-683 (citing United States v. Hicks, 947 F.2d 1356 (9th Cir.

---

[1]  Moreover, in general the numbering of the regulations
makes it obvious under which statute each is issued.

1991)), affd. without published opinion 15 F.3d 1087 (9th Cir. 1993); see also Aldrich v. Commissioner, T.C. Memo. 1993-290, n.3.

Finally, petitioner argues that the Court does not have jurisdiction over additions to tax. Petitioner is incorrect. Our jurisdiction in this case is based on the valid notice of deficiency issued by respondent and the timely filed petition. See Rule 13(a), (c); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6214(a) gives the Court "jurisdiction to redetermine the correct amount of the deficiency * * * and to determine whether any additional amount, or any addition to the tax should be assessed". Further, section 6665(a) provides that in general additions to tax are to be paid, assessed, and collected in the same manner as taxes. There is an exception to section 6665(a) in section 6665(b), but the exception does not apply in the two situations present in the instant case; namely, the portion of the addition to tax under section 6651(a) that is attributable to the deficiency, and the entire addition to tax under section 6654 where no return is filed. See sec. 6665(b)(1) and (2); Estate of DiRezza v. Commissioner, 78 T.C. 19 (1982); Reese v. Commissioner, T.C. Memo. 1997-346.

Petitioner has the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As noted, petitioner does not dispute the facts in this case. Thus, we find that

petitioner is liable for the deficiencies resulting from unreported ordinary income as determined by respondent and from unreported capital gain in accordance with our findings.  In addition, we find that petitioner is liable for self-employment taxes as determined by respondent and for additions to tax for failure to file and failure to pay estimated tax in accordance with our findings.

To reflect the foregoing,

Decision will be entered under Rule 155.