**UNITED STATES of America,
Plaintiff,**

v.

**Jacqueline C. Maiorana DEGROFT,
Defendant.**

**Civ. A. No. R–81–652.**

United States District Court,
D. Maryland.

Nov. 24, 1981.

William C. Rogers, Jr., Robert J. Parsons, II, Rogers, Moore & Rogers, Baltimore, Md., for defendant Degroft; Marcus J. Williams, Berlin, Md., of counsel.

Kenneth D. Pezzulla, Towson, Md., Russell G. DeVoe, Jr., Baltimore, Md., for defendant Maiorana.

Judith A. Levinthal, Gregory S. Hrebiniak, Trial Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., Ellen L. Hollander Asst. U. S. Atty., Baltimore, Md., for the government.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Presently before the Court in this case is defendant's amended motion to dismiss.[1] The motion has been fully briefed[2] and was addressed by counsel at a hearing held on September 11, 1981. For the reasons detailed below, defendant's motion to dismiss is denied.

Plaintiff brought this action seeking to establish the liability of the defendant as a transferee for the federal estate taxes due on the estate of Salvatore Maiorana who died in late December, 1969. The estate of the decedent was probated in the Orphan's Court for Worcester County, Maryland; defendant allegedly received the proceeds of a life insurance policy worth approximately $20,324 and 300 shares of stock in Mario's Restaurant, Inc., having a value of at least $30,000 at the death of Salvatore Maiorana. The government contends, without objection by defendant, that the proceeds of the life insurance policy and the 300 shares of stock are includable in the gross estate of Salvatore Maiorana pursuant to I.R.C. §§ 2042 and 2036.

On March 24, 1975, assessment was made against the estate of Salvatore Maiorana for unpaid federal estate taxes. The balance due on the assessment as of March 31, 1981, was $73,144.75. The government seeks to collect this liability, not by foreclosing a lien against the property but by an action under I.R.C. § 6324(a)(2) (1970). Pursuant to Section 6324(a)(2), the defendant is personally liable for these unpaid federal taxes to the extent of the value of the proceeds of the life insurance policy and the shares of stock received. Section 6324(a) provides, in pertinent part:

(a) Liens for estate tax.—Except as otherwise provided in subsection (c)—

(1) Upon gross estate. Unless the estate tax imposed by Chapter 11 is sooner paid in full, or becomes unenforceable by reason of lapse of time, it shall be a lien upon the gross estate of the decedent for 10 years from the date of death...

(2) Liability of transferees and others. —If the estate tax imposed by Chapter 11 is not paid when due, then the ... transferee ... or beneficiary, who receives ... property included in the gross estate under Section 2034 and 2042, inclusive, to the extent of the value at the time of the decedent's death, of such property shall be personally liable for such tax....

The defendant objects to the government's action on the grounds that it is barred by either the ten year time limitation contained in Section 6324(a)(1) or, alternatively, the statute of limitations set out in I.R.C. § 6901(c) and (h). In addition, defendant asserts that the government's claim must be dismissed because of plaintiff's failure to give defendant notice of the alleged deficiency and to join as necessary parties the two co-administrators of the decedent's estate. Finally, defendant contends she is not liable because distribution

---

1. As stated in open court at the hearing on September 11, 1981, defendant's motion to amend her answer and her motion to file an amended motion to dismiss are granted.

2. Plaintiff's request for leave to file its reply memorandum of September 23, 1981, is granted and defendant's motion in opposition thereto is denied.

**44**

of the 300 shares of stock to her did not render Mario's Restaurant, Inc., insolvent.

▮ In her Section 6324(a) statute of limitations argument, defendant asserts that the ten year limitations period set out in part (1) of Section 6324(a) regarding liens arising on gross estates, applies as well to the provisions of part (2) regarding personal liability of transferees. Under this interpretation, the government's action would have been barred as of 1979.

In support of her position, defendant refers the Court to Treasury Regulations interpreting Section 6324(a). The cited provisions pertain, however, to the lien aspect of Section 6324(a) rather than to the personal liability imposed by Section 6324(a)(2). 26 C.F.R. § 301.6324–1 (1981). This personal liability is, as defendant argues, distinct from and independent of the special lien. The Court agrees with government's contention in its memorandum dated September 23, 1981, that under Section 6324(a)(2):

> [A] transferee is personally liable for the tax: there is no need to bring an action to recover the actual property transferred to which the special lien has attached. If the special lien expires before the government sues to enforce it, or if the government sues under Section 6324(a)(2) without reference to that lien, and that lien expires, then it will have lost the security of that lien. However, this does not vitiate its separate action, as here, to collect on the personal liability imposed by Section 6324(a)(2).

The statute of limitations applicable to the personal liability established by Section 6324(a)(2) is not the ten year period set out in Section 6324(a)(1), as defendant argues, but rather the six year period provided in I.R.C. § 6502(a) (1966) which states in pertinent part:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within 6 years after the assessment of the tax.

Thus, if assessment of Salvatore Maiorana's estate tax was timely made, the government could collect the tax within six years thereafter.

▮ The estate tax return was filed for the estate of Salvatore Maiorana in 1972; the tax assessment against the estate was timely made on March 24, 1975, within the three year period established by I.R.C. § 6501(a) (1966). The government's action to collect the assessed taxes was commenced in a timely fashion on March 23, 1981, within the six years of assessment as required by Section 6502(a).

▮ The defendant argues that the government's action is barred because the government failed to assess the tax against the defendant as an alleged transferee and has instead relied entirely on its assessment against the estate. The government is correct in its assertion that assessment need be made only against the estate. There is no requirement that an assessment be made against a transferee or beneficiary who is liable pursuant to I.R.C. § 6324(a)(2) (1970). *United States v. Russell*, 461 F.2d 605 (10th Cir. 1972), *cert. denied*, 409 U.S. 1012, 93 S.Ct. 438, 34 L.Ed.2d 306 (1972). The collection procedures applying to transferees contained in I.R.C. § 6901 are not exclusive and mandatory, but are cumulative and alternative to other methods of tax collection recognized and used prior to the enactment of Section 6901 and its statutory predecessors. *Id.* at 606. Where assessment has been made properly against the estate, and it is established that the defendant is in fact a transferee or beneficiary, collection may be made pursuant to the general collection provision of Section 6502(a), as the government seeks to do in this case.

▮ Defendant argues that she is not liable for the unpaid taxes because the government failed to give her notice as a transferee of the alleged deficiency as required by I.R.C. § 6213(a) (1980). Notice and demand for the unpaid taxes in this case were made to the estate of Salvatore Maiorana on March 25, 1976. Where timely notice is

made to the personal representatives of an estate, additional notice need not be made to a transferee whom the government seeks to hold personally liable under I.R.C. § 6324(a)(2) (1970).[3]

■ Defendant Degroft argues, as an additional ground for dismissal, that the two co-administrators of the estate of Salvatore Maiorana are necessary and indispensable parties to the action and that the government has failed to join them in its complaint against the defendant. The co-administrators, however, are not indispensable parties as defined by Rule 19(a), F.R.Civ.P. Their liability for the amount of taxes, penalties and interest assessed against the estate is based on their status as personal representatives of the estate of Salvatore Maiorana. The liability of defendant Degroft is based on her status as transferee or beneficiary of property included in the gross estate. These actions are related but independent and joinder of the co-administrators is not required.[4]

The co-administrators are not indispensable parties to the instant action; however, the government has indicated that it does not object to consolidation of the case at bar with the suit brought by the government against the co-administrators. For the sake of judicial economy, the Court will, therefore, exercise its discretion under Rule 42, F.R.Civ.P., to consolidate for all purposes this action with that of *United States v. Patricia F. Maiorana and Mitchell Maiorana, et al.,* Civil Action No. R–81–653 (D.Md.)

■ Finally, the defendant argues that a stockholder's liability pursuant to Section 6324(a)(2) arises only when the stock distribution renders the corporation insolvent. She asserts that since Mario's Restaurant is a successful, on-going business, which was not rendered. insolvent by the distribution

of the 300 shares to her, she is not liable as a transferee. The government has alleged in paragraph 10 of its complaint that the defendant gave no consideration for the transfer of the 300 shares of stock in Mario's Restaurant, Inc., and that after certain property was transferred from the estate of Salvatore Maiorana, the estate was insolvent.

For the reasons stated herein, it is this 24th day of November, 1981, by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion by defendant to amend her answer is GRANTED;

2. That the motion by defendant to amend her motion to dismiss is GRANTED;

3. That the request by plaintiff for leave to file its reply memorandum is GRANTED;

4. That the motion by defendant in opposition and to strike plaintiff's reply memorandum is DENIED;

5. That the amended motion to dismiss by the defendant is DENIED;

6. That the action in this case is consolidated for all purposes with that of *United States v. Patricia F. Maiorana and Mitchell K. Maiorana, et al.,* Civil Action No. R–81–653 (D.Md.).

---

**3.** Defendant's liability is imposed pursuant to Section 6324(a)(2) as the transferee or beneficiary of property included in the gross estate. The Internal Revenue Service did not make an assessment against the defendant as a transferee under I.R.C. § 6901. The notice requirements of Section 6901, therefore, are inapplicable.

**4.** Defendant contends that the government must first show that it was unable to collect the tax deficiency from the transferor before proceeding against a transferee. This argument, couched in terms of exhaustion of remedies, is without merit.