JOSEPH M. RIPLEY, JR., DONEE-TRANSFEREE OF MILDRED M. RIPLEY, DONOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 26402–93.          Filed April 20, 1994.

*G. Nelson Mackey, Jr.*, for petitioner.
*Steve R. Johnson*, for respondent.

OPINION

DAWSON, *Judge*: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

OPINION OF THE CHIEF SPECIAL TRIAL JUDGE

PANUTHOS, *Chief Special Trial Judge*: This matter is before the Court on petitioner's motion to restrain assessment and collection. The issue for decision is whether respondent's collection efforts under section 6324(b) should be enjoined pursuant to section 6213(a) given that petitioner has a timely

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

petition for redetermination concerning his liability as a transferee pending before the Court.

## Background

In 1983, Mildred M. Ripley (donor) transferred a house located at 22562 River Road, Jacksonville, Florida, and additional real estate located at Phillips Highway and University Boulevard in the same city, to her son, Joseph M. Ripley, Jr. (petitioner). The donor reported the transfers in a Federal gift tax return filed for the 1983 taxable year. Respondent later determined that the donor understated the value of the transferred property in her Federal gift tax return and issued the donor a notice of deficiency. The donor in turn filed a petition for redetermination with this Court at docket No. 8734–90.

On February 25, 1992, the Court entered a stipulated decision in docket No. 8734–90 reflecting the donor's liability for a deficiency in Federal gift tax in the amount of $239,124. The decision document further provides that the donor consents to the immediate assessment and collection of the deficiency and related interest. Consistent with the foregoing, respondent assessed the deficiency against the donor on April 7, 1992.

Petitioner sold part of the property located at 22562 River Road in October 1984 for $240,000. The remainder of that particular parcel was sold in July 1990 for $931,000.

On August 20, 1993, respondent filed a notice of Federal tax lien with the clerk of the circuit court of Duval County in Jacksonville, Florida, reflecting tax due from petitioner in the amount of $553,368.81.[2] On September 2, 1993, respondent mailed petitioner, as donee of Mildred M. Ripley, a notice of intention to levy listing tax and interest due in the amount of $654,973.04 and requesting the immediate payment of the same.

On September 17, 1993, respondent mailed petitioner a notice of transferee liability setting forth respondent's determination that petitioner, a transferee of property subject to Federal gift tax, is liable for such tax in the amount of

---

[2] This amount includes the original gift tax assessed plus penalty and interest.

$651,047.40.[3] On December 15, 1993, petitioner filed a petition for redetermination with this Court pursuant to section 6901.[4]

On December 17, 1993, respondent moved to enforce her lien by serving petitioner with notices of levy and notices of seizure covering two parcels of real estate (with improvements) located in Fernandina Beach, Florida, and various portions of the property located at Phillips Highway and University Boulevard in Jacksonville, Florida.

Petitioner reacted to respondent's collection activities by filing the motion to restrain assessment and collection presently pending before the Court. Respondent filed an objection to petitioner's motion, and the matter was set for hearing in Washington, D.C. However, rather than proceed with a hearing, the parties agreed to submit the matter to the Court through statements filed pursuant to Rule 50(c).

## Discussion

The issue for decision is whether respondent's collection efforts should be enjoined under the circumstances presented. Petitioner maintains that respondent is precluded from assessing and attempting to collect the amounts listed in notices of levy and notices of seizure served on December 17, 1993, by virtue of the prohibitions set forth in section 6213(a). Respondent, relying on the special gift tax lien described in section 6324(b), counters that the restrictions on assessment and collection set forth in section 6213(a) do not apply to the enforcement of the special gift tax lien on petitioner's property.

Section 6213(a) provides that respondent generally is precluded from assessing or collecting a deficiency until a notice of deficiency authorized under section 6212(a) is mailed to the taxpayer with respect to the deficiency and until the expiration of the 90- or 150-day period for filing a timely petition for redetermination. In the event a petition is filed

---

[3] This amount is computed as follows:

| | |
|---|---|
| Gift tax | $239,011.16 |
| Penalty | 35,851.67 |
| Interest to date of notice | 376,184.57 |
| Total | 651,047.40 |

[4] At the time the petition was filed, petitioner was residing in Jacksonville, Florida.

with this Court, respondent is further precluded from assessing or collecting the deficiency until the decision of this Court becomes final. *Powell v. Commissioner*, 96 T.C. 707, 710–711 (1991). Section 6901(a) provides that amounts determined by respondent to be owing from a transferee generally are to be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred.

Section 6213(a) goes on to provide that a prohibited assessment or levy may be enjoined by a proceeding in the proper court, including the Tax Court. Section 6213(a) was amended, effective with respect to orders entered after November 10, 1988, to extend to this Court jurisdiction to restrain assessment and collection of a deficiency in cases where "a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100–647, sec. 6243(a), 102 Stat. 3749; *Powerstein v. Commissioner*, 99 T.C. 466, 471 (1992); *Kamholz v. Commissioner*, 94 T.C. 11, 15 (1990). Consistent with this provision, respondent's collection efforts normally will be enjoined where respondent is attempting prematurely to collect a deficiency that is the subject of a timely filed petition for redetermination. *Meyer v. Commissioner*, 97 T.C. 555, 561 (1991); *Powell v. Commissioner, supra* at 711.

As indicated, respondent contends that section 6324(b) provides authority for the collection of the amounts in question, notwithstanding that petitioner filed a timely petition for redetermination in response to the notice of transferee liability. More specifically, respondent maintains that—

the Regulations and the case law establish that the respondent has independent and cumulative options in cases, like this, in which the donor failed to pay her federal gift tax liability: the respondent may effect collection from the donee under the special section 6324(b) lien, or the respondent may seek (through issuance of a statutory notice of transferee liability) to establish a general lien under section 6321 against the donee and then collect based on that general lien, *or* the respondent may simultaneously both collect under the special section 6324 lien and seek to establish a general section 6321 lien. * * *

In this case, there is good reason why the respondent has chosen * * * to proceed on both tracks simultaneously. As discussed * * * [in] Respondent's Objection, the special section 6324(b) lien expired on December 30, 1993. Accordingly, if the property levied on by the Service prior to that

date is later sold and the proceeds thereof are insufficient to fully satisfy the outstanding gift tax liability, the respondent will need a legal basis on which to levy on any additional property of the petitioner (such as property acquired by the petitioner after December 30, 1993). It will not have such a basis until a section 6321 lien arises against the petitioner when, upon finality of the Tax Court's decision in this case, whatever transferee liability is determined against the petitioner is assessed.

The foregoing aside, respondent further asserts that, at the present time, she does not intend to sell the property seized from petitioner.

Section 6324(b) provides:

SEC. 6324(b). LIEN FOR GIFT TAX.—Except as otherwise provided in subsection (c), unless the gift tax imposed by chapter 12 is sooner paid in full or becomes unenforceable by reason of lapse of time, such tax shall be a lien upon all gifts made during the period for which the return was filed, for 10 years from the date the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. Any part of the property comprised in the gift transferred by the donee (or by a transferee of the donee) to a purchaser or holder of a security interest shall be divested of the lien imposed by this subsection and such lien, to the extent of the value of such gift, shall attach to all the property (including after-acquired property) of the donee (or the transferee) except any part transferred to a purchaser or holder of a security interest.

(The exceptions set forth in section 6324(c) are not applicable in this case.)

In sum, section 6324(b) provides that where a donor fails to pay Federal gift tax for a particular period for which a gift tax return was filed, a special 10-year lien attaches to all gifts made by the donor during that period and the donees of such gifts are personally liable for the tax. Further, should the donee transfer the gifted property to a purchaser or security interest holder, the lien does not remain on the transferred property, but a like lien attaches to the donee's other property, including after-acquired property.

Section 301.6324–1(d), Proced. & Admin. Regs., states:

(d) *Application of lien imposed by section 6321.* The general lien under section 6321 and the special lien under subsection (a) or (b) of section 6324 for the estate or gift tax are not exclusive of each other, but are cumulative. Each lien will arise when the conditions precedent to the creation of such lien are met and will continue in accordance with the provisions applicable to the particular lien. Thus, the special lien may exist without the general lien being in force, or the general lien may exist without the

special lien being in force, or the general lien and the special lien may exist simultaneously, depending upon the facts and pertinent statutory provisions applicable to the respective liens.

Consistent with this regulation, the appellate courts considering the issue have ruled that respondent may collect estate tax from a transferee pursuant to the special estate tax lien set forth under section 6324(a)(2) without a prior assessment against the transferee under section 6901. See *United States v. Geniviva*, 16 F.3d 522 (3d Cir. 1994); *United States v. Russell*, 461 F.2d 605 (10th Cir. 1972).[5] Indeed, the Courts of Appeals for the Third Circuit and the Tenth Circuit concluded that section 6901 merely provides an *additional* means through which respondent can collect taxes. We find *Geniviva* and *Russell* to be well reasoned and persuasive. See also *Detroit Bank v. United States*, 317 U.S. 329 (1943).

The special estate and gift tax liens set forth in section 6324(a) and (b) are interpreted in pari materia. See *Estate of Mandels v. Commissioner*, 64 T.C. 61, 74 n.6 (1975). Thus, it follows that respondent was not required to issue a notice of transferee liability to petitioner pursuant to section 6901(a) or otherwise assess petitioner prior to taking steps (including levy and seizure) to enforce the special gift tax lien arising under section 6324(b). See, for example, *Kellogg v. Commissioner*, 88 T.C. 167, 176 (1987), where we concluded that a notice issued to a taxpayer that referred to section 6324 was merely intended to provide the taxpayer with notice of the special estate tax lien and was not a notice of transferee liability.

Petitioner incorrectly asserts that he was improperly assessed on April 7, 1992, the assessment date appearing on the notice of levy dated December 17, 1993. In short, the record indicates that the April 7, 1992, assessment reflects the date that respondent entered an assessment against the donor (petitioner's mother). That assessment arose in due course from the agreed decision entered by this Court on February 25, 1992, in docket No. 8734–90. Presumably that assessment date was listed in the notice of levy for the purpose of demonstrating the timeliness of the collection action.

---

[5] Accord *United States v. De Groft*, 539 F. Supp. 42 (D. Md. 1981); *United States v. Warner*, 56 AFTR 2d 85–6583, 85–2 USTC par. 13,641 (S.D.N.Y. 1985); Saltzman, IRS Practice and Procedure, par. 14.19[2], at 14–117 (2d ed. 1991). But cf. *United States v. Schneider*, 71A AFTR 2d 91–1224, 92–2 USTC par. 60,119 (D.N.D. 1992).

Because petitioner is not the subject of the assessment, he is in no position to contest the assessment in this proceeding brought under section 6901.

Moreover, it is evident that the amounts that respondent seeks to collect through the notices of levy and notices of seizure served on petitioner on December 17, 1993, arise from that same April 7, 1992, assessment. As indicated above, respondent is free to pursue collection against petitioner (as donee) in this manner pursuant to section 6324(b). Thus, while the tax that respondent is attempting to collect is arguably the same "liability" that petitioner has placed in dispute through his timely filed petition for redetermination, we cannot agree that section 6213(a) should be interpreted so as to halt collection efforts that were otherwise sanctioned prior to the filing of the petition. Stated another way, the procedures for the assessment and collection of transferee liabilities provided in section 6901 "are not exclusive and mandatory, but are cumulative and alternative to [those provided in section 6324]". *United States v. Russell, supra* at 606. Given that Congress has not seen fit to subject collection under section 6324(b) to the normal deficiency procedures, we agree with respondent that her collection efforts in the instant case do not run counter to general prohibitions contained in section 6213(a).

To reflect the foregoing,

> *An order will be entered denying petitioner's motion to restrain assessment and collection.*