**UNITED STATES of America,
Plaintiff,**

v.

**ESTATE OF Birnie DAVENPORT; Patricia L. Vestal, individually and as personal representative of the Estate of Birnie Davenport; Gordon E. Davenport; and Charles E. Botefuhr, Defendants.**

**No. 00-CV-92K(J).**

United States District Court,
N.D. Oklahoma.

June 19, 2001.

---

Martin M. Shoemaker, U.S. Dept. of Justice, Washington, DC, for U.S.

David Wayne Wulfers, James Potts & Wulfers, Inc., Tulsa, OK, Thomas Gene Potts, Tulsa, OK, for Birnie Davenport.

Laurence Lindsay Pinkerton, Judith Ann Finn, Pinkerton & Finn, Tulsa, OK, David Wayne Wulfers, James Potts & Wulfers, Inc., Tulsa, OK, Thomas Gene Potts, Tulsa, OK, for Patricia L. Vestal.

James L. Kincaid, Gary Carl Clark, Crowe & Dunlevy, Tulsa, OK, Gordon E. Davenport, Jr., Davenport Law Firm, Alvin, TX, for Gordon E. Davenport.

John N. Hermes, McAfee & Taft, Oklahoma, City, OK, for Charles E. Botefuhr.

## ORDER

KERN, Chief Judge.

Before the Court are the Plaintiff's motion for partial summary judgment (# 37) and Defendants' cross motion for partial summary judgment (# 44).

### BACKGROUND

The Government has sued the Estate of Birnie Davenport and individual Defendants Patricia L. Vestal, Gordon E. Davenport and Charles E. Botefuhr. The United States Tax Court has previously found the Estate liable for a federal gift tax deficiency and a penalty. That decision has been affirmed by the United States Court of Appeals for the Tenth Circuit. *See Estate of Davenport v. C.I.R.*, 184 F.3d 1176 (10th Cir.1999). The individual Defendants (hereafter "Defendants") received gifts of stock from Birnie Davenport in July, 1980[1] and were appointed personal representatives of the Estate on or about April 4, 1991. Count I alleges that the Estate has a deficiency of federal gift tax and related liabilities in the sum of $5,283,283.07. Count II alleges that the assessments described in Count I were the result of the gifts made by Birnie Davenport in July, 1980. Pursuant to 26 U.S.C. § 6324(b), Plaintiff seeks to impose personal liability for tax deficiencies on Defendants as donees. Count III alleges personal liability on Defendants pursuant to 31 U.S.C. § 3713 for allegedly depleting the estate of all its assets without satisfying the gift tax liability. However, in its response to defendant's present motion, plaintiff withdraws Count III and states that it should be dismissed (Plaintiff's Response at 5).

Plaintiff's motion for summary judgment addresses Counts I & II of the Complaint, seeking judgment as a matter of law on both counts. In their response and cross-motion for summary judgment, Defendants concede that the previously litigated liability alleged in Count I "may be reduced to judgment." In a subsequent filing, Defendants state that "the Estate has conceded that judgment may be entered against it in accordance with the opinion of the Tenth Circuit Court of Appeals." *See* Defendants' Reply at 1; *Estate of Birnie Davenport v. Commissioner*, 184 F.3d 1176 (10th Cir.1999). Therefore, the Court will enter judgment on Count I in favor of Plaintiff contemporaneously with the filing of this Order.

The Defendants' cross-motion for summary judgment seeks judgment as a matter of law on Counts II and III of the Complaint. As Plaintiff has withdrawn Count III and Defendants have conceded liability on Count I, the only issue to be resolved here involves Count II. Both parties assert that they are entitled to judgment as a matter of law on Count II. Plaintiff argues that § 6324(b) expressly imposes liability on Defendants, while Defendants contend that the limitations period set forth in § 6324(b) has expired.

---

1. The Defendants each received Hondo Drilling Company stock which the Tax Court and the parties have valued at $2000.00 per share. Defendant Botefuhr received 536 shares of the stock as a gift, while Defendants Davenport and Vestal received 537 and 536 shares, respectively, of the stock at the discounted price of $804.00 per share.

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See Chambers v. Colorado Dept. of Corrections,* 205 F.3d 1237, 1241 (10th Cir.2000); *Byers v. City of Albuquerque,* 150 F.3d 1271, 1274 (10th Cir.1998). An issue of material fact is genuine only if a party presents facts sufficient to show that a reasonable jury could find in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Mares v. ConAgra Poultry Co.,* 971 F.2d 492, 494 (10th Cir.1992). Here, both parties have filed motions for partial summary judgment, and both have filed responses in opposition to the motion of the adverse party, as well as the respective replies.

When the parties file cross-motions for summary judgment, the Court may assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts. *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.,* 132 F.3d 1316, 1319 (10th Cir.1997), *cert. denied,* 523 U.S. 1048, 118 S.Ct. 1364, 140 L.Ed.2d 513 (1998). Where different ultimate inferences may properly be drawn, summary judgment is not appropriate. *Seamons v. Snow,* 206 F.3d 1021, 1026 (10th Cir.2000).

### Discussion

■ There does not appear to be a dispute as to any material facts with regard to the remaining issue in this case. That issue appears to be one of statutory interpretation for the Court to resolve. The Court must therefore determine whether plaintiff may properly seek to impose liability on defendants under 26 U.S.C. § 6324(b). Section 6324(b) provides:

> Lien for gift tax.—Except as otherwise provided in subsection (c), unless the gift tax imposed by chapter 12 is sooner paid in full or becomes unenforceable by reason of lapse of time, such tax shall be a lien upon all gifts made during the period for which the return was filed, for 10 years from the date the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift. Any part of the property comprised in the gift transferred by the donee (or by a transferee of the donee) to a purchaser or holder of a security interest shall be divested of the lien imposed by this subsection and such lien, to the extent of the value of such gift, shall attach to all the property (including after-acquired property) of the donee (or the transferee) except any part transferred to a purchaser or holder of a security interest.

Thus, § 6324(b) is a lien provision which also imposes personal liability on a gift's donees for the amount of tax due when the donor did not pay the tax as it came due. The terms of § 6324(b) indicate that Defendants are liable for the amount of the heretofore untaxed gifts they received, up to the value of the gifts themselves. As Defendants argue, § 6324(b) provides that the Government's lien expires after ten years. Plaintiff concedes it is not attempting to enforce its lapsed lien under the statute. Defendants seek to convince the Court that the expiration of this lien peri-

od relieves them of personal liability for the gift taxes.

 The Court disagrees. The expiration of the lien means nothing more than that the Government's interest in the taxable amount is no longer secured by the § 6324(b) lien. In interpreting the parallel provision of § 6324(a)[2], the court in *United States v. Degroft*, 539 F.Supp. 42, 44 (D.Md.1981) stated "personal liability is distinct from and independent of the special lien." The Court concludes the ten-year limitations period set forth by § 6324(b) does not preclude the recovery of the gift tax for which Defendants can be held personally liable.

Defendants acknowledge in their reply brief that § 6324(b) is a proper vehicle to impose personal liability on donees for tax deficiencies. *See* Defendants' Reply at 1. *See also, e.g., Mississippi Valley Trust Co. v. Commissioner*, 147 F.2d 186, 187–188 (8th Cir.1945) ("If the donor fails to pay the automatically imposed tax when due, in accordance with the statute, no matter what the reason for his failure, there is an immediate and direct liability on the donee for the legally-owed tax, to the extent of the value of the gift."); *O'Neal v. Commissioner*, 102 T.C. 666, 675–76, 1994 WL 151302 (U.S.Tax Ct.1994) (the predecessor to section 6324(b) imposed liability at law upon a donee). It is the following language in § 6324(b) which inescapably imposes personal liability on the individual Defendants in this case: "[i]f the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift." Defendants argue that adopting plaintiff's argument renders personal liability possible

with no limitations period. Again, the Court disagrees.

The court in *Degroft* noted that the statute of limitation applicable to the personal liability provision is not the ten-year period, but rather the [at the time *Degroft* was decided] six-year period provided in 26 U.S.C. § 6502(a). That statute, which deals with collection after assessment, in turn provides that its limitation period is applicable "[w]here the assessment of any tax imposed by this title has been made *within the period of limitation property applicable thereto....*" (emphasis added). Plaintiff does not address the source of this additional limitation period. Defendants argue it is the ten-year period under § 6324(b), which they assert commenced with respect to the defendants in 1980 and expired in 1990. (Defendants' Reply Brief at 2–3). Authority is to the contrary. The court in *Degroft* held that the period referenced by § 6502(a) was the three-year period established by 26 U.S.C. § 6501(a). *See Degroft*, 539 F.Supp. at 44. This statute requires that the amount of any tax imposed must be assessed within three years after the return was filed.

Here, the gift return was filed November 7, 1991. The actual assessment by the Secretary of the Treasury was not made until March 2, 1998, which would appear to be outside the limitation period. However, the Internal Revenue Service issued a notice of deficiency on September 20, 1994, which is within the three-year period. In the earlier proceedings in this case, the Tax Court treated this deficiency notice as equivalent to an assessment. (Tax Court decision at 25). That ruling is now res judicata in this case. In any event, defen-

---

**2.** The operative language of § 6324(a) and (b) are parallel and the subsections are interpreted *in pari materia. See New England Accep-* tance Corp. v. United States, 35 F.Supp.2d 53, 56 n. 4 (D.N.H.1997).

dants have not argued in this Court that the deficiency notice should not serve to toll the statute of limitations and thus have waived the defense.

To summarize, the assessment was timely made after the return was filed, as required by § 6501(a). In turn, this action was commenced timely after the date of assessment, as required by § 6502(a). Count II is not time-barred.

■ As an alternative argument, Defendants assert that the Government has not properly assessed their transferee liability. The Court rejects this argument as well. A § 6901 assessment is not a prerequisite to an action under § 6324. *United States v. Geniviva,* 16 F.3d 522, 524 (3rd Cir.1994) (rejecting *United States v. Schneider,* 1992 WL 472024 (D.N.D.1992), upon which defendants herein rely); *United States v. Russell,* 461 F.2d 605, 608 (10th Cir.), *cert. denied,* 409 U.S. 1012, 93 S.Ct. 438, 34 L.Ed.2d 306 (1972). The collection procedures applying to transferees contained in § 6901 are not exclusive and mandatory, but are cumulative and alternative to other methods of tax collection recognized and used prior to the enactment of § 6901 and its statutory predecessors. *Id.* Where assessment has been made properly against the estate, and it is established that the defendant is in fact a transferee or beneficiary, collection may be made pursuant to the general collection provisions of § 6502(a). *See Degroft,* 539 F.Supp. at 44.

Finally, the Court notes that Defendants in this case are not only the donees of generous gifts from the Davenport Estate, they are also the Estate's personal representatives. As such, they would have been keenly aware of the taxes due and unpaid by the Estate and the giver of the gifts they received. That the Government waited so long to collect these taxes, or perhaps to discover that they were due, does not extinguish Defendants' tax liability.[3]

In an earlier order, the Court found plaintiff had made out a prima facie case of personal jurisdiction against the individual defendants. No additional evidence having been presented, the Court declines to dismiss Count II for lack of personal jurisdiction.

### CONCLUSION

The Court is convinced that the terms of § 6324(b) apply to this case. Furthermore, Plaintiff has established that Defendants are liable under this provision to the extent of the value of the gifts they received.

Based on the parties' stipulation and the Tax Court's ruling in previous litigation, this Court adopts the value of the stock gifted by Birnie Davenport at $2000.00 per

---

**3.** In *United States v. Russell,* 532 F.2d 175, 176–77 (10th Cir.1976), a case used by Defendants for support, the Tenth Circuit observed the following about the attempted tax avoidance of an estate's executrix:

As executrix, Russell was fully aware of the nature of the jointly held property subject to report in her late husband's federal estate tax return, together with its value, and the estimated estate taxes due by reason of inclusion of the jointly held property. Russell was also aware that after making the $35,000 payment as executrix that the estate was insolvent, and that only the jointly held property remained available for payment of the balance of federal estate tax. We cannot encourage or condone the tax free passing of jointly held property for the benefit of a surviving tenant who has received the whole of the property fully aware of the outstanding tax debt due and owing on the property, under the totality of the circumstances existing here.

share. Accordingly, the extent of Defendant Botefuhr's liability is 536 shares multiplied by that value, or $1,072,000.00; Defendant Davenport's liability is $2000.00 less the amount he paid for the stock ($804 per share), multiplied by the number of shares he owned (537), or $642,252.00. The calculation for the amount of Defendant Vestal's liability is similar to Defendant Davenport's, but she had 536 shares—thus she owes $641,056.00.

IT IS THEREFORE ORDERED that Plaintiff's motion for partial summary judgment (# 37) is GRANTED and Defendants' cross motion for partial summary judgment (# 44) is DENIED. Judgment in this case will be entered for the Plaintiff contemporaneously herewith.

### JUDGMENT

This matter came before the Court for consideration of the Defendants' motion for summary judgment. The issues having been duly considered and a decision having been rendered in accordance with the Order filed contemporaneously herewith,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that on Count I, judgment is entered for the Plaintiff and against the Defendant Estate in the amount of $5,283,283.07. On Count II, judgment is entered for the Plaintiff and against the individual Defendants in the following amounts: Defendant Botefuhr's liability is $1,072,000.00; Defendant Davenport's liability is $642,252.00; Defendant Vestal's liability is $641,056.00. The amounts are subject to any applicable statutory accruals. Pursuant to Plaintiff's stipulation, Count III is hereby dismissed with prejudice.